## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Carmen M. Ocasio Hernández, Gerardo Pizarro Pizarro, Jorge L. Rodríguez Figueroa, Ángel L. Figueroa Rolón, Héctor G. Guerrero Frau, Diana D. Rodríguez Vicente, Nydia Díaz Francisco, Carlos Santos Rivera, Juan Carrasquillo López, Iván Rivera Canales, Felicita Rivera Báez, William Burgos Castellanos, Víctor M. Camacho Pizarro and Ángel Báez Torres, all ironing, sewing, laundry, cleaning, conservation and maintenance employees of the Governors' Mansions, their respective spouses, and the Conjugal Partnerships Comprised by them; | **CIVIL NO. 09-1299** |
| **PLAINTIFFS,** | **CIVIL RIGHTS, JURY TRIAL** |
| **v.** | |
| **LUIS FORTUÑO BURSET**, In His Personal Capacity And As Governor Of The Commonwealth Of Puerto Rico, **LUCE VELA** in her individual and official capacity as First Lady, and the Conjugal partnership formed by them; **VELMARIE BERLENGERI MARÍN**, in her individual and official capacity as Administrator of the Governor's Mansion, and her husband Juan Doe, and the Conjugal partnership formed by them; **JUAN CARLOS BLANCO**, in his individual and official capacity as Chief of Staff, and Juanita Doe, and the Conjugal partnership formed by them | |
| **DEFENDANTS** | |

## COMPLAINT

**COME NOW** the plaintiffs, through the undersigned attorneys, and respectfully state, allege and pray as follows:

### JURISDICTIONAL STATEMENT

1.      This is a civil action filed by fourteen (14) employees of the Governor's Mansion ("La Fortaleza"), all maintenance or domestic workers engaged in laundry, ironing, sewing and cleaning functions, that following the general elections of November 2008, were summarily dismissed and replaced without cause by the newly elected Governor of Puerto Rico, Luis F. Fortuño Burset, in concert with the other defendants, simply because they were members of the Popular Democratic Party.  All the plaintiffs allege a violation of the first amendment, due process and equal protection clause of the Constitution of the United States, as well as under the laws and Constitution of Puerto Rico, and pray equitable relief in the form of reinstatement, and legal relief in the form of economic and punitive damages, pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1983.  As this is a civil action brought pursuant to the laws and Constitution of the United States, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over all claims arising under of the laws and Constitution of Puerto Rico pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b).

### II.   THE PARTIES

2a.   The plaintiffs are:

1.   Gerardo Pizarro Pizarro, maintenance employee

2.    Jorge L. Rodríguez Figueroa, maintenance employee

2

3.      Ángel L. Figueroa Rolón, warehouse employee

4.      Héctor G. Guerrero, maintenance employee

5.      Diana D. Rodríguez Vicente, laundry and ironing employee

6.      Nydia Díaz Francisco, seamstress and ironing employee

7.      Carlos Santos Rivera, maintenance employee

8.      Juan Carrasquillo López, maintenance employee

9.      Iván Rivera Canales, maintenance employee

10.     Carmen M. Ocasio Hernández, cleaning employee

11.     Felicita Rivera Baéz, laundry and ironing employee

12.     William Burgos Castellano, maintenance employee

13.     Víctor M. Camacho Pizarro, maintenance employee

14.     Ángel L. Báez Torres, cleaning employee

2b.     Each and all plaintiffs are members of the Popular Democratic Party.

2c.     Prior to the 2008 General Election each and all plaintiffs were employed at the Governor's Mansion as public employees that performed maintenance or housekeeping functions.

2d.     None of the plaintiffs performed public policy functions.

2e.     None of the plaintiffs performed functions of close propinquity to policy making employees or otherwise had access to confidential information concerning public policy making.

2f.     The defendants, nor their agents, employees and representatives evaluated the job performance of any of the plaintiffs prior to terminating their employment.

3

2g.   The plaintiffs are humble, working class Puerto Rican men and women that were terminated and left without a job, for the sole reason that they did not belong to the political party of the new Governor of Puerto Rico.

2h.   By information and belief all plaintiffs were replaced by new employees affiliated with the new Progressive Party.

2j.   The spouses of the plaintiffs, and their respective conjugal partnerships, join this complaint as to all causes of action arising under the laws and Constitution of Puerto Rico.

3.   Defendant Luis Fortuño Burset was elected Governor of Puerto Rico in the 2008 general elections and assumed the Office of the Governor on or about January 2, 2009. He is the nominating authority at the Governor's Mansion and approves or disapproves of all personnel decisions, including the personnel decisions concerning the termination of each plaintiff. He is sued in his individual and official capacities for legal and equitable relief. He is the president of the New Progressive Party.

4.   Defendant Luce Vela is the wife and First Lady of defendant Fortuño. By information and belief, she participated in the decision to terminate the employment of the plaintiffs. She is sued in both her individual and official capacities for equitable and legal relief. She is a member of the New Progressive Party.

5.   Defendant Velmarie Berlengeri Marín was named Administrator of the Governor's Mansion by defendant Luis Fortuño. She participated in the decisions of Governor Fortuño Burset to terminate the employment of each plaintiff.   She is sued in both her individual and official capacities for

4

equitable and legal relief. She is a member of the new progressive party. She is married to defendant Juan Doe, which together with their Conjugal Partnership respond under state law.

6.    Defendant Juan Carlos Blanco was named Chief of Staff at the Executive Mansion by defendant Luis Fortuño. He participated in the decisions of Governor Fortuño Burset and other defendants to terminate the employment of each plaintiff.  He is sued in both his individual and official capacities for equitable and legal relief. He is a member of the New Progressive Party. He is married to defendant Juanita Doe, which together with their Conjugal Partnership respond under state law.

### III.   STATEMENT OF THE FACTS

### Plaintiff Gerardo Pizarro Pizarro

7.    Gerardo Pizarro Pizarro ("Pizarro") is of legal age, resident of Puerto Rico and a citizen of the united Status of America.  He is married to plaintiff Leticia Matos Santiago, and together they form a Conjugal Partnership.

8.    Plaintiff Pizarro commenced working at the Governor's mansion in 1999 as Cleaning Employee ("Encargado de Limpieza") in the Maintenance Department of the Governor's mansion.

9.    Plaintiff's principal duties were to sweep, mop, dry and clean furniture, tables, paintings, lamps, rugs, mirrors and doors at the Executive Mansion; and set up and dismantle activities held at the Governor's Mansion at La Fortaleza, Fajardo and Cayey.

5

10.     Plaintiff engaged in cleaning functions of a routine nature, that required manual competence and efficient performance, not political affiliation.

11.     Defendants terminated and dismissed plaintiff from his job without even conducting a single evaluation as to his job performance and efficiency.

12.     At no time prior to his dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of his duties.

13.     Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of February 27, 2009, that informed him that he would be terminated on that same day.

14.     As of this date, defendants have not even paid the plaintiffs his accrued income, vacations and sick pay.

15.     The reason that plaintiffs' job was terminated was because the defendants knew or assumed that he belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

16.     As a result of this termination, Defendants have deprived plaintiff, his wife and their conjugal partnership of the income by which he sustained himself and his family; have subjected them to personal pain and suffering; and have punished him in the exercise of civil rights by terminating his employment because he is not a member of political party of the new Governor of Puerto Rico.

**2.    Plaintiff Jorge L. Rodríguez Figueroa**

17.    Plaintiff Jorge Rodríguez Figueroa ("Rodríguez") is of legal age, resident of Puerto Rico and a citizen of the United States of America.

18.    Plaintiff Rodríguez commenced working at the Governor's Mansion on September 1, 1988 as Cleaning Employee ("Encargado de Limpieza") in the Maintenance Department of the Governor's mansion.

19.    Plaintiff's principal duties were to sweep, mop, dry and clean furniture, tables, paintings, lamps, rugs, mirrors and doors at the Executive Mansion; and set up and dismantle activities held at the Governor's Mansion at La Fortaleza, Fajardo and Cayey.

20.    Plaintiff engaged in cleaning functions of a routine nature, that required manual competence and efficient performance, not political affiliation.

21.    Defendants terminated and dismissed plaintiff from his job without even conducting a single evaluation as to his job performance and efficiency.

22.    At no time prior to his dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of his duties.

23.    Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of March 11, 2009, that informed him that he would be terminated on that same day.

24.    As of this date, defendants have not even paid the plaintiffs his accrued income, vacations and sick pay.

25.     The reason that plaintiffs' job was terminated was because the defendants knew or assumed that he belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

26.     As a result of this termination, Defendants have deprived plaintiff of the income by which he sustained himself and his family; have subjected him to personal pain and suffering; and have punished him in the exercise of civil rights by terminating his employment because he is not a member of political party of the new Governor of Puerto Rico.

### 3.     Plaintiff  Ángel L. Figueroa Rolón

27.     Plaintiff Angel Figueroa Rolón ("Figueroa") is of legal age, resident of Puerto Rico and a citizen of the United States of America. He is married to plaintiff Aracelis De Jesus Rodríguez, and together they form a Conjugal Partnership.

28.     Plaintiff Figueroa commenced working at the Governor's Mansion on June 16, 2000 earning $1,497 monthly as Administrative Employee in Charge of the Warehouse ("Encargado de Almacén") in the Governor's mansion.

29.     Plaintiff's principal duties were to receive, store and verify the merchandise incoming from different companies; fill the refrigerators in the kitchen of the daily foods, including the Governor's Houses in Fajardo and Cayey, when needed; and prepare and maintain the merchandise inventory.

30.     Plaintiff is engaged in warehouse functions of a routine nature whose quality depended on manual competence and efficient performance, not political affiliation.

8

31.    Defendants terminated plaintiff's job without even conducting a single prior evaluation as to his job performance and efficiency.

32.    At no time prior to his dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of his duties.

33.    Defendants terminated plaintiff's employment in the most callous and cold manner, without prior warning, and without cause, by a letter of February 27, 2009 that informed him that he would be terminated on that same day.

34.    As of this date, defendants have not even paid the plaintiff his accrued income, vacations and sick pay.

35.    The only reason that plaintiff's job was terminated was because the defendants knew or assumed that insofar as he was named under prior administration, he belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

36.    As a result of this termination, plaintiff, along with his wife and their conjugal partnership, was deprived of the income by which he sustained himself and his family; has been subject to personal pain and suffering by the defendants; and has been punished in the exercise of civil rights for not belonging to the political party of the new Governor of Puerto Rico, which now occupies the Governor's Mansion.

### 4. Plaintiff Héctor G. Guerrero Frau

37.    Plaintiff Hector Guerrero Frau ("Guerrero") is of legal age, resident of Puerto Rico and a citizen of the United States of America.

9

38.    Plaintiff Guerrero commenced working at the Governor's Mansion on or about 1999 as Cleaning Employee ("Encargado de Limpieza") in the Maintenance Department of the Governor's Mansion.

39.    Plaintiff's principal duties were to sweep, mop, dry and clean furniture, tables, paintings, lamps, rugs, mirrors and doors at the Executive Mansion; and wash and clean the toilets, basins, doors, walls, windows, stairs and floors at the Governor's Mansion.

40.    Plaintiff engaged in cleaning functions of a routine nature, that required manual competence and efficient performance, not political affiliation.

41.    Defendants terminated and dismissed plaintiff from his job without even conducting a single evaluation as to his job performance and efficiency.

42.    At no time prior to his dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of his duties.

43.    Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of February 27, 2009, that informed him that he would be terminated on that same day.

44.    As of this date, defendants have not even paid the plaintiff his accrued income, vacations and sick pay.

45.    The reason that plaintiff's job was terminated was because the defendants knew or assumed that he belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

10

46.    As a result of this termination, Defendants have deprived plaintiff of the income by which he sustained himself and his family; have subjected him to personal pain and suffering; and have punished him in the exercise of civil rights by terminating his employment because he is not a member of political party of the new Governor of Puerto Rico.

**5. Plaintiff Carlos Santos Rivera**

47.    Plaintiff Carlos Santos Rivera ("Santos") is of legal age, resident of Puerto Rico and a citizen of the United States of America. He is married to plaintiff  María Flores Delgado, and together they form a Conjugal Partnership.

48.    Plaintiff Santos commenced working at the Governor's Mansion on or about 1999 as a Cleaning Employee ("Encargado de Limpieza") in the Maintenance Department of the Governor's Mansion.

49.    Plaintiff's principal duties were to sweep, mop, dry and clean furniture, tables, paintings, lamps, rugs, mirrors and doors at the Executive Mansion.

50.    Plaintiff engaged in cleaning functions of a routine nature, that required manual competence and efficient performance, not political affiliation.

51.    Defendants terminated and dismissed plaintiff from his job without even conducting a single evaluation as to his job performance and efficiency.

49.    At no time prior to his dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of his duties.

11

50.     Defendants terminated plaintiff's employment, without prior warning and without cause, by letter of February 27, 2009, that informed him that he would be terminated on that same day.

51.     As of this date, defendants have not even paid the plaintiffs his accrued income, vacations and sick pay.

52.     The reason that plaintiffs' job was terminated was because the defendants knew or assumed that he belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

53.     As a result of this termination, Defendants have deprived plaintiff, along with his wife and their conjugal partnership, of the income by which he sustained himself and his family; have subjected them to personal pain and suffering; and have punished him in the exercise of civil rights by terminating his employment because he is not a member of political party of the new Governor of Puerto Rico.

### 6.     Plaintiff Ángel L. Báez Torres

54.     Plaintiff Ángel Báez Torres ("Báez") is of legal age, resident of Puerto Rico and a citizen of the United States of America.

55.     Plaintiff Báez commenced working at the Governor's Mansion on September 1, 1988 as Cleaning Employee ("Encargado de Limpieza") in the Maintenance Department of the Governor's mansion.

56.     Plaintiff's principal duties were to sweep, mop, dry and clean furniture, tables, paintings, lamps, rugs, mirrors and doors at the Executive Mansion; and set up and dismantle activities held at the Governor's Mansion at La Fortaleza, Fajardo and Cayey.

57.    Plaintiff engaged in cleaning functions of a routine nature, that required manual competence and efficient performance, not political affiliation.

58.    Defendants terminated and dismissed plaintiff from his job without even conducting a single evaluation as to his job performance and efficiency.

59.    At no time prior to his dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of his duties.

60.    Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of March 11, 2009, that informed him that he would be terminated on that same day.

61.    Defendants have required Báez, at his own expense, to file with them a Negative Certification of Debt from the CRIM, a Negative Certification of No Debt from the Treasury Department, a Certification of the Treasury Department as to filing of Income Tax, a Certification from AAELA as to no debt; a Certification of ASUME as to no debt; and a Certification of the Retirement System as to no debt, as a condition for paying him the salary, vacations and sick leave he has earned.  In addition, plaintiff had to pay to get a copy of his personnel file. And yet, as of this date, defendants have not even paid the plaintiff his accrued income, vacations and sick pay.

62.    The reason that plaintiff's job was terminated was because the defendants knew or assumed that he belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

63.    As a result of this termination, Defendants have deprived plaintiff of the income by which he sustained himself and his family; have subjected him to personal pain and suffering; and have punished him in the exercise of civil rights by terminating his employment because he is not a member of political party of the new Governor of Puerto Rico.

### 7. Plaintiff Juan Carrasquillo López

64.    Plaintiff Juan Carrasquillo López ("Carrasquillo") is of legal age, resident of Puerto Rico and a citizen of the United States of America. He is married to plaintiff Laura Guzman Rosado, and together they form a Conjugal Partnership.

65.    Plaintiff's principal duties were to sweep, mop, dry and clean furniture, tables, paintings, lamps, rugs, mirrors and doors at the Executive Mansion; and set up and dismantle activities held at the Governor's Mansion at La Fortaleza, Fajardo and Cayey.

66.    Plaintiff engaged in cleaning functions of a routine nature, that required manual competence and efficient performance, not political affiliation.

67.    Defendants terminated and dismissed plaintiff from his job without even conducting a single evaluation as to his job performance and efficiency.

68.    At no time prior to his dismissal did the Defendants disciplined plaintiff or issued a reprimand related to the performance of his duties.

69.     Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of February 27, 2009, that informed him that he would be terminated on that same day.

70.     As of this date, defendants have not even paid the plaintiffs his accrued income, vacations and sick pay.

70.     The reason that plaintiff's job was terminated was because the defendants knew or assumed that he belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

71.     As a result of this termination, Defendants have deprived plaintiff, along with his wife and their conjugal partnership, of the income by which he sustained himself and his family; have subjected them to personal pain and suffering; and have punished him in the exercise of civil rights by terminating his employment because he is not a member of political party of the new Governor of Puerto Rico.

**8.     Plaintiff Carmen M. Ocasio Hernández**

72.     Plaintiff Carmen Ocasio Hernández ("Ocasio") is of legal age, resident of Puerto Rico and a citizen of the United States of America.

73.     Plaintiff commenced working at the Governor's Mansion on July 2004 as Cleaning Employee ("Encargado de Limpieza") in the Maintenance Department of the Governor's mansion.

74.     Plaintiff's principal duties were to sweep, mop, dry and clean furniture, tables, paintings, lamps, rugs, mirrors and doors at the Executive Mansion; and set up and dismantle activities held at the Governor's Mansion, and Governor's Houses at Fajardo and Cayey.

75.    Plaintiff engaged in cleaning functions of a routine nature, that required manual competence and efficient performance, not political affiliation.

76.    Defendants terminated and dismissed plaintiff from her job without even conducting a single evaluation as to his job performance and efficiency.

77.    At no time prior to his dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of his duties.

78.    Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of February 27, 2009, that informed him that he would be terminated on that same day.

79.    As of this date, defendants have not even paid the plaintiffs his accrued income, vacations and sick pay.

80.    The reason that plaintiff's job was terminated was because the defendants knew or assumed that he belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

81.    As a result of this termination, Defendants have deprived plaintiff of the income by which She sustained herself and her family; have subjected her to personal pain and suffering; and have punished her in the exercise of civil rights by terminating her employment because She is not a member of the political party of the new Governor of Puerto Rico.

### 9.  Plaintiff Iván Rivera Canales

82.    Plaintiff Ivan Rivera Canales ("Rivera") is of legal age, resident of Puerto Rico and a citizen of the United States of America. He is married to

plaintiff Delia Villegas Francesquis, and together they form a Conjugal Partnership.

83.    Plaintiff Rivera commenced working at the Governor's Mansion on or about 1999 as Cleaning Employee ("Encargado de Limpieza") in the Maintenance Department of the Governor's Mansion.

84.    Plaintiff's principal duties were to sweep, mop, dry and clean furniture, tables, paintings, lamps, rugs, mirrors and doors at the Executive Mansion; and wash and clean the toilets, basins, doors, walls, windows, stairs and floors at the Governor's Mansion.

85.    Defendants terminated and dismissed plaintiff from his job without even conducting a single evaluation as to his job performance and efficiency.

86.    At no time prior to his dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of his duties.

87.    Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of February 27, 2009, that informed him that he would be terminated on that same day.

88.    As of this date, defendants have not even paid the plaintiff his accrued income, vacations and sick pay.

89.    The reason that plaintiff's job was terminated was because the defendants knew or assumed that he belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

90.    As a result of this termination, Defendants have deprived plaintiff, along with his wife and their conjugal partnership, of the income by

which he sustained himself and his family; have subjected him to personal pain and suffering; and have punished him in the exercise of civil rights by terminating his employment because he is not a member of the political party of the new Governor of Puerto Rico.

### 10.        Diana D. Rodríguez Vicente

91.     Plaintiff Diana D. Rodríguez Vicente ("Rodríguez") is of legal age, resident of Puerto Rico and a citizen of the United States of America.

92.     Plaintiff Rodríguez commenced working at the Governor's Mansion on or about September 1989 as Laundress and Ironer in the Laundry Department of the Governor's Mansion.

93.     Plaintiff's principal duties were to wash, dry and iron the clothes of the employees and residents of the Governor's Mansion; and wash and dry the bedding, towels, rugs, tablecloths, cloths, dust ruffles, napkins and place mats.

94.     Defendants terminated and dismissed plaintiff from her job without even conducting a single evaluation as to her job performance and efficiency.

95.     At no time prior to his dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of her duties.

96.     Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of February 27, 2009, that informed her that she would be terminated on that same day.

97.     As of this date, defendants have not even paid the plaintiffs her accrued income, vacations and sick pay.

18

98.    The reason that plaintiff's job was terminated was because the defendants knew or assumed that she belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

99.    As a result of this termination, Defendants have deprived plaintiff of the income by which she sustained herself and her family; have subjected her to personal pain and suffering; and have punished her in the exercise of civil rights by terminating her employment because she is not a member of the political party of the new Governor of Puerto Rico.

### 11.         Nydia Díaz Francisco

100.    Plaintiff Nydia Díaz Francisco ("Díaz") is of legal age, resident of Puerto Rico and a citizen of the United States of America.

101.    Plaintiff Díaz  commenced working at the Governor's Mansion on or about February 2001 as a Seamstress and Laundress in the Laundry Ironing Department of the Governor's Mansion.

102.    Plaintiff's principal duties were to wash, dry and iron the clothes of the employees and residents of the Governor's Mansion; look over the First Family clothes that come in and out of the Laundry; and sew the clothes of the First Family.

103.    Plaintiff engaged in cleaning and ironing functions of a routine nature that required manual competence and efficient performance, not political affiliation.

104.    Defendants terminated and dismissed plaintiff from her job without even conducting a single evaluation as to her job performance and efficiency.

105.   At no time prior to her dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of her duties.

106.   Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of February 27, 2009, that informed her that she would be terminated on that same day.

107.   As of this date, defendants have not even paid the plaintiffs her accrued income, vacations and sick pay.

108.   The reason that plaintiff's job was terminated was because the defendants knew or assumed that she belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

109.   As a result of this termination, Defendants have deprived plaintiff of the income by which she sustained herself and her family; have subjected her to personal pain and suffering; and have punished her in the exercise of civil rights by terminating her employment because she is not a member of the political party of the new Governor of Puerto Rico.

### 12.   Plaintiff Felicita Báez Rodríguez

110.   Plaintiff Felicita Rivera Baez ("Rivera") is of legal age, resident of Puerto Rico and a citizen of the United States of America. She is married to plaintiff   Efrain Garcia Ocasio,   and together they form a Conjugal Partnership.

111.   Plaintiff commenced working at the Governor's Mansion on or about February 2008 as an Iron lady and Laundress in the Laundry Ironing Department of the Governor's Mansion.

112.   Plaintiff's principal duties were to wash and iron the clothes of the Governor and of all other cooks, waiters, and maintenance employees at the Governor's mansion.

113.   Plaintiff engaged in cleaning and ironing functions of a routine nature that required manual competence and efficient performance, not political affiliation.

114.   Defendants terminated and dismissed plaintiff from her job without even conducting a single evaluation as to her job performance and efficiency.

115.   At no time prior to her dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of her duties.

116.   Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of February 27, 2009, that informed her that she would be terminated on that same day.

117.   As of this date, defendants have not even paid the plaintiff her accrued income, vacations and sick pay.

118.   The reason that plaintiffs' job was terminated was because the defendants knew or assumed that she belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

119.   As a result of this termination, Defendants have deprived plaintiff, along with her husband and their conjugal partnership, of the income by which she sustained herself and her family; have subjected her to personal pain and suffering; and have punished her in the exercise of civil

rights by terminating her employment because she is not a member of political party of the new Governor of Puerto Rico.

### 13.        Plaintiff William Burgos Castellanos

120.   Plaintiff William Burgos Castellanos ("Burgos") is of legal age, resident of Puerto Rico and a citizen of the United States of America. He is married to plaintiff Enid Vargas Rodríguez, and together they form a Conjugal Partnership.

121.   Plaintiff Burgos commenced working at the Governor's Mansion in Jájome, Cayey on or about February 2001 as a maintenance and conservation employee in the Maintenance Department ascribed to the Governor's Mansion.

122.   Plaintiff's principal duties were to sweep, mop, dry, clean furniture, tables, paintings, lamps, mirror, rugs and doors; and clean the toilets, basins, doors, walls, windows, stairs, floors, sidewalks, terraces and grounds of the Governor's Mansion at Jájome.

123.   Plaintiff engaged in cleaning functions of a routine nature, that required manual competence and efficient performance, not political affiliation.

124.   Defendants terminated and dismissed plaintiff from his job without even conducting a single evaluation as to his job performance and efficiency.

125.   At no time prior to his dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of his duties.

126.   Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of February 27, 2009, that informed him that he would be terminated on that same day.

126.   As of this date, defendants have not even paid the plaintiff his accrued income, vacations and sick pay.

127.   The reason that plaintiff's job was terminated was because the defendants knew or assumed that he belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

128.   As a result of this termination, Defendants have deprived plaintiff, his wife and their conjugal partnership of the income by which he sustained himself and his family; have subjected them to personal pain and suffering; and have punished him in the exercise of civil rights by terminating his employment because he is not a member of political party of the new Governor of Puerto Rico.

### 14.   Plaintiff Víctor M. Camacho Pizarro

129.   Plaintiff Victor Camacho Pizarro ("Camacho") is of legal age, resident of Puerto Rico and a citizen of the United States of America.

130.   Plaintiff Camacho commenced working at the Governor's Mansion on March 1, 2004 as a Cleaning Employee ("Encargado de Limpieza") in the Maintenance Department of the Governor's mansion.

131.   Plaintiff's principal duties were to clean the kitchen at Fajardo, Cayey and Fortaleza, particularly the cooking utensils, furnaces, toaster, grill, tables, floors, stairs, walls, rugs, refrigerators, and trashcans.

131.   Plaintiff engaged in cleaning functions of a routine nature, that required manual competence and efficient performance, not political affiliation.

132.   Defendants terminated and dismissed plaintiff from his job without even conducting a single evaluation as to his job performance and efficiency.

133.   At no time prior to his dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of his duties.

134.   Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of February 27, 2009, that informed him that he would be terminated on that same day.

135.   As of this date, defendants have not even paid the plaintiff his accrued income, vacations and sick pay.

136.   The reason that plaintiff's job was terminated was because the defendants knew or assumed that he belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

137.   As a result of this termination, Defendants have deprived plaintiff of the income by which he sustained himself and his family; have subjected him to personal pain and suffering; and have punished him in the exercise of civil rights by terminating his employment because he is not a member of political party of the new Governor of Puerto Rico.

**FIRST CAUSE OF ACTION:**
**FIRST AMENDMENT AND DUE PROCESS**
**OF THE UNITED STATES CONSTITUTION**

138.   Plaintiffs repeat and incorporate all the allegations contained thus far as if set forth fully herein.

139.   The foregoing evidence that the Defendants, under the color of law of their respective positions,   have willfully and/or with deliberate indifference violated the plaintiffs' rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States (freedom of speech and association; due process; and equal protection).

140.   As a result of the Defendants' unconstitutional and illegal conduct, each of the plaintiffs have been discriminatorily terminated in his or her employment, and caused irreparable and continuing harm, emotionally, economically and in his or her civil rights, in the amount of no less than $1,500,000.00. In addition, the plaintiffs pray for preliminary and permanent injunctive relief reinstating them in their employment and prohibiting Defendants from terminating their employment because of their political affiliations to the Popular Democratic Party.

141.   In addition, because the defendants have acted with deliberate indifference towards Plaintiffs constitutional rights, each plaintiff is entitled to punitive damages in the amount of no less that $500,000.

**SECOND CAUSE OF ACTION:**
**LAWS AND CONSTITUTION OF PUERTO RICO**

142.   Plaintiffs repeat and incorporate all the allegations contained thus far as if set forth fully herein.

143.   The foregoing evidence that the Defendants, under the color of law of their respective positions, have willfully and/or with deliberate indifference violated the plaintiffs' rights action under the Constitution and laws of the Commonwealth of Puerto Rico, specifically Sections 1, 4, 6 and 7 of Article II of the Constitution of Puerto Rico; and the Public Service Personnel laws of Puerto Rico; Law No. 131 of May 13, 1943, P.R. Laws Ann., Tit. 1, § 13-19; and Articles 1802 and 1803 of the Civil Code, § 5141-5142 of Title 31. Muriel v. Suazo, 72 P.R.R. 348 (1951).

144.   As a result of the Defendants' unconstitutional and illegal conduct, each of the plaintiffs have been discriminatorily terminated in his or her employment, and caused irreparable and continuing harm, emotionally, economically and in his or her civil rights, in the amount of no less than $1,500,000.00. In addition, the plaintiffs pray for preliminary and permanent injunctive relief reinstating them in their employment and prohibiting Defendants from terminating their employment because of their political affiliations to the Popular Democratic Party.

**JURY DEMAND**

145.   Trial by Jury is requested in all causes of action.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully pray that the Court:

1.   Find that the defendants have violated plaintiffs' rights under the first amendment, the due process and equal protection clauses of the United States Constitution; as well as under the laws and Constitution of Puerto Rico;

26

2.    Grant preliminary and permanent injunction reinstating the plaintiffs to their respective positions; and prohibiting, restraining and enjoining, the defendants, agents or anyone acting in concert with them or pursuant to their orders; or their successors in any representative capacity from violating any Constitutional rights of the plaintiffs;

3.    Award damages to each plaintiff in an amount no less than $1,500,000.00 for pain and suffering, lost back pay, and other damages suffered as a result of the defendants' unconstitutional conduct;

4.    Award punitive damages to each plaintiff in such in such amount as may be deemed appropriate;

5.    Award pre judgment interest;

5.    Award plaintiffs' attorneys' fees and costs pursuant to 42 U.S.C.§1988; and

6.    Award such other and further relief as may be deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this March 25th, 2009.

**LANDRÓN & VERA, LLP**
Attorneys at Law
Centro Internacional de Mercadeo
100 Carr. 165, Torre I, Suite 203
Guaynabo, Puerto Rico 00968
Tel.: (787) 774-5959
Fax: (787) 774-8181

S/: Eileen Landrón Guardiola
**EILEEN LANDRÓN GUARDIOLA**
**USDC-PR-203006**
**elandron@landronvera.com**

27

S/: Eduardo Vera Ramírez
**EDUARDO VERA RAMÍREZ**
**USDC-PR-209713**
**evera@landronvera.com**

S/: Carlos A. Del Valle Cruz
**Carlos A. Del Valle Cruz**
**USDC-PR-130106**
cdelvallecruz@gmail.com

S/: Luis Rodríguez Muñoz
**Luis Rodríguez Muñoz**
**USDC-PR-214511**
**lrodriguez@landronvera.com**