IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN M. OCASIO-HERNANDEZ et al.

Plaintiffs

v.

LUIS FORTUNO-BURSET et al.

Defendants

CIVIL 09-1299 (GAG)

ORDER

On March 25, 2009, plaintiffs filed a complaint against the defendants pursuant to 28 U.S.C. §§ 1331 and 1983, and the First, Fifth and Fourteenth Amendments to the Constitution of the United States (freedom of speech and of association; due process, and equal protection). (Docket No. 1 at 2, ¶1 and Docket No. 1 at 25, ¶139.) Plaintiffs also brought supplemental claims under the laws and Constitution of Puerto Rico alleging violations of their rights under the Constitution and laws of the Commonwealth of Puerto Rico. The state causes of action are brought under Law 131 of May 13, 1943, P.R. Laws Ann. Tit. 1, §§ 13-19; and articles 1802 and 1803 of the Civil Code, P.R. Laws Ann. Tit. 31, §§ 5141-5142. (Docket No. 1at 2, ¶1; 1 at 26, ¶ 143.)

This matter is before the court on motion to compel and request for miscellaneous relief filed by defendants on January 25, 2012. (Docket No. 99.)

CIVIL 09-1299 (GAG)                              2

Plaintiffs responded in opposition to the motion to compel and cross-moved requesting order on January 31, 2012. (Docket No. 101(substituted by Docket No. 102)).  An amended response and cross-motion was filed later that day. (Docket No. 102).  A response in opposition to the cross-motion was filed on  February 6, 2012. (Docket No. 112).

    For the reasons set forth below, defendants motion to compel is GRANTED in part and DENIED in part  and plaintiffs cross motion is MOOT in part and DENIED in part.

     On December 2, 2011, the court issued an order setting February 10, 2012 as the deadline to conclude discovery.  The deadline for filing dispositive motions was set for March 12, 2012.  The defendants complain that their request for production of certain documents has been ignored or not complied with, and that these requests date back to November 8, 2011. Specific requests for production of documents were made following the depositions of certain plaintiffs.  The defendants seek the production of the documents forthwith.  The defendants also request that plaintiff inform if co-plaintiff Leticia Matos Santiago's causes of action will be voluntarily dismissed since she failed to appear at her scheduled deposition.

CIVIL 09-1299 (GAG)                              3

Plaintiffs respond that many of the documents requested by the defendants are not available or are otherwise shielded by the doctor-patient privilege.[1] Plaintiffs note that they have attempted to comply with the requests and continue to compile the additional documents requested. They also stress the very limited resources of plaintiffs and that often time they do not have the capital to secure the documents requested. (Docket No. 102 at 1, ¶2.) They also note that the defendants have failed to certify under Local Rule 26(b) their effort to reach agreement and that an attempt will not suffice. Plaintiffs make reference to almost vexatious conduct on the part of the defendants in the request for copies of termination letters which the note would be in the possession of the defendants. Plaintiffs note they do not possess evidence of non-events, such as their not receiving sick or vacation pay due them. Plaintiffs protest the deadlines imposed by the defendants for the production of the documents sought. They note that certain documents were already sent to them. Plaintiffs seek compliance with Rule 26 ( a Rule 26 conference was finally held on January 27, 2012) and also seek an order to compel announcement of witnesses and replacements, that is, people who replaced the plaintiffs. Dates were separated for their depositions (January 26, 27, 30 and 31, 2012). Names were provided

---

[1] The issue of privilege was brought up at today's discovery hearing. No information of a privileged nature is being sought and the information requested as limited, such as dates of treatment, which is not privileged, is to be provided.

CIVIL 09-1299 (GAG)                    4

but the replacements were not made available to plaintiffs.  Their addresses were provided on January 18, 2012, which is insufficient time to subpoena them to appear at a deposition within the limits of the discovery deadline.  See Fed. R. Civ. P. 32(a)(5)(A).   At today's discovery hearing, the defendants announced, apparently not for the first time,  that the only witnesses that will be presented will be the defendants themselves.

Plaintiffs seek an extension of the discovery deadline to enable them to subpoena and depose six people who are employees at the Governor's mansion.

The defendants responded to the cross-motion to compel asking the court to deny the request for the identification of their witnesses since plaintiffs have known that the only defense witnesses will be the defendants themselves.  That was emphasized at the discovery hearing. (Docket No. 112).  They also object to extending the discovery deadline for the taking of depositions.  Indeed, the driving force behind the flurry of relatively activity is the fast approaching discovery deadline.

Local Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1) requires that before filing a motion to compel, the moving party has to certify that it "has made a reasonable and good-faith effort to [try and solve the discovery dispute] with opposing counsel" without the court's intervention.  Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 26(b); see Fed. R. Of Civ. P. 37(a)(1).  "An

CIVIL 09-1299 (GAG)                              5

attempt to confer will not suffice." Local Rule 26(b). While the required certification is not present, and the defendants explain their efforts at resolving the discovery issues considering the fast approaching deadlines,, the court instructed the attorneys to meet prior to the conference and the attorneys did that. I will not belabor the point. The desire for compliance with the local rule has been overcome by events.

The last discovery deadline and motion timetable was set as the result of a joint informative motion (Docket No. 95) which called for the February 10, 2012 deadline. The court has the right to expect that self-imposed deadlines and mutually agreed upon dates will be met. See Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (quoting Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002)) ("[w]hen a litigant . . . proposes a compliance date, the court is entitled to expect that the litigant will meet its self-imposed deadline.").

Having heard the extensive, detailed argument of counsel at the discovery hearing, I do not find good cause to extend the discovery deadline and therefore deny plaintiffs' request to subpoena and depose the six persons mentioned at the hearing. Diligence was a word which was used extensively during the in chambers meeting. In this case, the court was clear as to the deadlines and even with a short extension, I find that plaintiffs' strong efforts to secure the desired

CIVIL 09-1299 (GAG)                    6

depositions come too late.  The defense argument in relation to diligence is ultimately correct.  The reasons for not producing the requested documents are insufficient to continue to delay their production. The lack of their existence should also be explained.  Plaintiffs are to produce the requested documents by the deadline date or inform the defendants the reason why compliance is not forthcoming.  Pending will be an insufficient answer.

### III.  CONCLUSION

For the reasons set forth above, the defendants' motion to compel (Docket No. 99) is GRANTED in part and DENIED in part.   Again, plaintiffs are to produce the requested documents by the deadline date or inform the reason why compliance is not forthcoming.  Pending will be an insufficient answer.  Plaintiffs will not be required to state promptly whether the claims asserted by Leticia Matos Santiago will be voluntarily dismissed.

Plaintiffs' cross-motion requesting order (Docket No. 102) is MOOT in part and DENIED in part.  The request to compel the defendants to disclose their trial witnesses is deemed moot as of today and prior to today.  The request for a brief extension of time for discovery is DENIED. The matter of the taking of the deposition of the Governor remains pending before the district court.

At San Juan, Puerto Rico, this 8th of February,  2012.

                                      S/ JUSTO ARENAS
                                 United States Magistrate Judge